JESSE A. CRIPPS, JR.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7792
Facsimile: 213.229.6792
Email: jcripps@gibsondunn.com

Attorney for Defendant
VISTA METALS CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,<br><br>Plaintiff,<br><br>v.<br><br>VISTA METALS CORPORATION,<br><br>Defendant. | Case No. 5:19-CV-1781<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION**<br><br>Hrg. Date: March 30, 2020<br>Hrg. Time: 10:00 a.m.<br>Courtroom: 8D<br>Court: 350 West First Street<br>Los Angeles, CA 90012 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. STATEMENT OF FACTS ..................................................................................1

III. ARGUMENT ......................................................................................................2

    A. The Plain Language Of The CBA's Arbitration Clause Creates A Condition Precedent To The Right To Demand Arbitration. ....................4

    B. Under FAA, On Which Courts Rely In Adjudicating Labor Disputes, Courts Look To State Law To Determine Whether Parties Agreed To Arbitrate A Given Dispute. ......................................................5

    C. Under California Law, Where A Contract Provides That Arbitration May Be Demanded Within A Stated Time Frame, Failure To Make Demand Within That Time Constitutes Waiver Of Right To Arbitrate. ........................................................................................7

    D. Cases Plaintiffs Cite Are Distinguishable Because None Involved Clear Conditions Precedent To Avoid Waiver, And All Involved Broader Arbitration Clauses. .....................................................................9

    E. Plaintiff's Declaration Contains Untrue Statements And Should Therefore Be Given No Weight ...............................................................11

    F. In The Alternative, There is No Factual Dispute That Plaintiff Failed To Meet-And-Confer To Select Arbitrator, And Such Failure Is An Independent Basis To Deny Motion Under Ninth Circuit Precedent. .................................................................................................12

IV. CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) ............................................................................... 4, 9-10

*Brosnan v. Dry Cleaning Station Inc.*,
   2008 WL 2388392 (N.D. Cal. June 6, 2008) ................................................. 3

*Brown v. Dillard's, Inc.*,
   430 F.3d 1004 (9th Cir. 2005) ....................................................................... 7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126, 1130 (9th Cir. 2000) ............................................................. 6

*Coppola v. Smith*,
   2018 WL 684801 (E.D. Cal. Feb. 2, 2018) ................................................... 8

*Cox v. Ocean View Hotel Corp.*,
   533 F.3d 1114 (9th Cir. 2008) ............................................................... 3, 6, 9

*Employers Ins. Co. of Wausau v. Hartford*,
   2018 WL 6330425 (C.D. Cal. Dec. 3, 2018) .............................................. 4, 6

*Golden State Foods Corp. v. Columbia/Okura LLC*,
   2014 WL 2931127 (C.D. Cal. June 26, 2014) ......................................... 4-5, 10

*Indep. Soap Workers of Sacramento, Cal. v. Procter & Gamble Mfg. Co.*,
   314 F.2d 38 (9th Cir. 1963) ........................................................................... 4

*Int'l All. of Theatrical Stage Employee & Moving Picture Technicians Artists, & Allied Crafts of the United States, It's Trusteed Local 720 Las Vegas, Nevada v. InSync Show Prods., Inc.*,
   801 F.3d 1033 (9th Cir. 2015) ....................................................................... 3

*Int'l Bhd. of Teamsters, Local 396 v. NASA Servs., Inc.*,
   2019 WL 994012 (C.D. Cal. Jan. 16, 2019) .................................................. 4

*Ontiveros v. Zamora*,
   2013 WL 593403 (E.D. Cal. Feb. 14, 2013) ......................................... 3, 7, 8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION

Gibson, Dunn & Crutcher LLP

*Perry v. Thomas*,
  482 U.S. 483 (1987) .................................................................................. 3, 7

*Platt Pac., Inc. v. Andelson*,
  862 P.2d 158 (1993) ............................................................................... 3, 8-9

*Retail Delivery Drivers, Driver Salesmen, Produce Workers & Helpers Local 588 v. Servomation Corp.*,
  717 F.2d 475 (9th Cir. 1983) ......................................................................... 12

*Schmidt v. Serv. Corp. Int'l*,
  2013 WL 4034237 (Cal. Ct. App. Aug. 7, 2013) .............................................. 5

*Serv. Employees Internat. Union, Local 715, AFL-CIO v. Cupertino Union Sch. Dist.*,
  31 Cal. Rptr. 3d 858 (Ct. App. 2005) ............................................................. 8

*Sheet Metal Workers Int'l Ass'n, Local Union No. 150 v. Air Sys. Eng'g, Inc.*,
  948 F.2d 1089 (9th Cir. 1990) ........................................................................ 6

*Unite Here Int'l Union v. Shingle Springs Band of Miwok Indians*,
  2016 WL 4041255 (E.D. Cal. July 27, 2016) ............................................... 5-6

*United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*,
  484 U.S. 29 (1987) ......................................................................................... 5

*Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*,
  489 U.S. 468 (1989) ....................................................................................... 6

*Wagner Constr. Co. v. Pac. Mech. Corp.*,
  157 P.3d 1029 (Cal. 2007) ............................................................................. 8

**Statutes**

9 U.S.C. § 4 ............................................................................................................ 3

29 U.S.C. § 185 ..................................................................................................... 3

Cal. Code Civ. Proc. § 1281.2(a) ......................................................................... 8

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ............................................................. 4

iii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION

Gibson, Dunn & Crutcher LLP

Defendant Vista Metals Corporation ("Vista Metals" or "Defendant") files this Memorandum of Points and Authorities in opposition to Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union's ("Plaintiff" or "Union") Motion to Compel Arbitration.

## I. INTRODUCTION

Plaintiff's Motion to Compel Arbitration not only ignores the plain text of the applicable arbitration agreement, it ignores an entire body of controlling case law which requires this Court to consider and apply state law defenses in considering the enforceability of the agreement. The plain language of the agreement is clear: it requires Plaintiff to satisfy <u>two</u> conditions precedent before seeking arbitration. The Union did neither. Instead, it inexplicably waited nearly six months to file for arbitration with the Federal Mediation and Conciliation Service. Nor did it ever even attempt to satisfy the other condition precedent: it never "attempt[ed] to mutually agree upon an arbitrator with" the Company. Given Plaintiff's failure to satisfy these conditions precedent, the duty to arbitrate never arose, and applying Defendant's state law defenses, the Court should deny Plaintiff's Motion.

## II. STATEMENT OF FACTS

As set forth in Section II(A) of Plaintiff's Motion to Compel Arbitration, Vista Metals and the Union are parties to a Collective Bargaining Agreement ("CBA") in effect from April 11, 2015 to April 10, 2020. Article XV of the CBA sets forth a Grievance Procedure to resolve disputes or differences of opinions over the CBA's provisions. If a grievance is not resolved under Article XV, Article XVI sets forth a *mandatory* procedure for initiating arbitration. Article XVI, Section 1 states,

> Any dispute or grievance not settled, pursuant to the Grievance Procedure, may be submitted to Arbitration upon request of either party within ten (10) working days after the written decision of the Company. Failure by either party to file within the ten (10) days prescribed herein, the grievance or dispute shall be considered dropped. Provided further that the arbitration shall be confined to the settlement of a dispute or grievance arising out of or having to do solely with the interpretation or application

1

of the clauses of this Agreement and no arbitrator shall have authority or power to add to, or detract, or modify from the specific provisions of this Agreement. The decision of the arbitrator will be final and binding on both parties.

Likewise, Article XVI, Section 2 sets forth a *separate* mandatory requirement before arbitration can be initiated: "The party requesting arbitration shall within seven (7) days attempt to mutually agree upon an arbitrator with the other party." These timing requirements are immovable, except by agreement of the parties: "All of the time limits set forth under this Article may be extended only by mutual consent." *Id.* at Article XVI, Section 3.

On January 12, 2018, following the last step of the grievance procedure, the Company sent the Union a written response to the grievance giving rise to this matter. Under Article XVI, Section 1, the Union then had until January 22, 2018 to file an arbitration demand with the Federal Mediation and Conciliation Service ("FMCS"). On January 17, the Union responded that it did not agree with the Company's response and added, "The Union . . . moves this grievance to the next step in the grievance process, arbitration." After that, the Union went silent for nearly six months. It admits that it did not file anything with the FMCS within the 10-day period prescribed by the CBA. Nor did it make any effort—within the 7-day period set forth in the CBA or otherwise—to seek mutual agreement with the Company on the selection of an arbitrator prior to filing with the FMCS. Instead, the Union waited until July 16, 2018—approximately six months *after* the arbitration filing deadline—to file anything with the FMCS. It admittedly did so without seeking to reach agreement with the Company on the selection of a mediator prior to filing.

### III. ARGUMENT

In short, the Union is now seeking to enforce a contract that it admittedly did not follow: It failed to meet *two separate conditions precedent* before seeking to force this matter to arbitration. First, the plain language of Article XVI, Section 1 makes clear that there is a mandatory 10-day deadline for filing any arbitration: A party must

"submit[]" a dispute to arbitration within 10 days of the Company's issuance of a written third-step response, and a party's "failure . . . to file" for arbitration within that time limit means that the dispute "*shall* be considered dropped." (Emphasis added.) Likewise, under the plain language of Article XVI, Section 3, there is a mandatory 7-day meet-and-confer requirement before any FMCS filing may be made. Neither of these conditions precedent were met here.

In the face of these failures, the Company has raised state law contractual defenses, as it is permitted to do. It is California state law that governs the resolution of those defenses. And yet, throughout its motion, Plaintiff ignores this entire body of controlling law. Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4—which federal courts "look to . . . for guidance," *Int'l All. of Theatrical Stage Employee & Moving Picture Technicians Artists, & Allied Crafts of the United States, It's Trusteed Local 720 Las Vegas, Nevada v. InSync Show Prods., Inc.*, 801 F.3d 1033, 1039 (9th Cir. 2015), in adjudicating labor disputes brought under the Labor Management Relations Act, 29 U.S.C. § 185—"a party may challenge the validity or applicability of the arbitration provision by raising the same defenses available to a party seeking to avoid the enforcement of any contract. These contract-based challenges are governed by applicable state law." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir. 2008) (internal citation omitted). In other words, "under federal arbitration law, the question of waiver is resolved under state law." *Ontiveros v. Zamora*, 2013 WL 593403, at *5 (E.D. Cal. Feb. 14, 2013); *see also Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) (Under the FAA, "state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.") And California contract law is clear that when "parties have agreed that a demand for arbitration must be made within a certain time, that demand is a condition precedent that must be performed before the contractual duty to submit the dispute to arbitration arises." *Platt Pac., Inc. v. Andelson*, 862 P.2d 158, 161–62 (1993).

Because, as both parties agree,[1] "the court, not the arbitrator, must decide whether a particular dispute is arbitrable," *Employers Ins. Co. of Wausau v. Hartford*, 2018 WL 6330425, at *3 (C.D. Cal. Dec. 3, 2018) (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) and because Plaintiff has waived its right to demand arbitration by failing to satisfy two conditions precedent to such a right, the Court should deny Plaintiff's Motion to Compel Arbitration.

**A.   The Plain Language Of The CBA's Arbitration Clause Creates Conditions Precedent To The Right To Demand Arbitration.**

"Whether a condition precedent exists in a contract normally depends upon the intent of the parties as determined from the words they have employed in the contract." *Int'l Bhd. of Teamsters, Local 396 v. NASA Servs., Inc.*, 2019 WL 994012, at *10 (C.D. Cal. Jan. 16, 2019). "In interpreting a contract, courts are guided by the standard of reasonableness." *Golden State Foods Corp. v. Columbia/Okura LLC*, 2014 WL 2931127, at *5 (C.D. Cal. June 26, 2014). The most reasonable interpretation of the words in Article XVI, Section 1 is that they create a condition precedent. The word 'shall' is a 'word[] of command." *Indep. Soap Workers of Sacramento, Cal. v. Procter & Gamble Mfg. Co.*, 314 F.2d 38, 42 (9th Cir. 1963). And the words 'submit[]' and 'file' have similarly clear meanings. Black's Law Dictionary states that "to file" means "to deliver a legal document to the court clerk or record custodian for placement into the official record." Black's Law Dictionary (11th ed. 2019). It states further that "to submit" means "to end the presentation of further evidence in (a case) and tender a legal position for decision." *Id*. These definitions contemplate a formal conveyance of some kind, rather than merely relaying one's intent to do something in the future.

Both federal and California courts have denied motions to compel arbitration where the plain language of the arbitration clauses at issue is similar to the language used here. In *Golden State Foods Corp. v. Columbia/Okura LLC*, 2014 WL 2931127

---

[1]   *See* Plaintiff's Motion To Compel Arbitration, at p. 6.

1  (C.D. Cal. June 26, 2014), the court granted a motion to compel arbitration with
2  respect to a clause that did not specify the consequences of a failure to satisfy its time
3  limits, but it denied such a motion with respect to a clause that stated "any Claim
4  arising out of or related to the Contract . . . shall . . . be subject to mediation as a
5  condition precedent to arbitration."  *Id*. at *5-6.  Here, although the CBA does not
6  explicitly use the term 'condition precedent,' it both uses the word 'shall,' as well as
7  specifies the consequences of the failure to file: that a given grievance or dispute "shall
8  be considered dropped."

9        Similarly, in *Schmidt v. Serv. Corp. Int'l*, 2013 WL 4034237 (Cal. Ct. App.
10 Aug. 7, 2013), the court affirmed the denial of a motion to compel arbitration for
11 failure to file an arbitration demand within specified time limits.  "It was undisputed
12 that according to the agreement's arbitration clause, Schmidt was required to present a
13 written claim for arbitration within one year of the date when he knew or should have
14 known of the facts giving rise to the claim . . . . The concept that a timely arbitration
15 demand is a prerequisite to the right to arbitrate is well established."  *Id*. at *4-5.  Here,
16 the CBA's arbitration clause is even more definite than the clause at issue in *Schmidt*,
17 because instead of the clause's time limit beginning at the moment a party "knew or
18 should have known" a given fact, Article XVI, Section 1's 10-day time limit begins on
19 a date certain: the day the Union receives the Company's written third-step response.

**B.    Under FAA, On Which Courts Rely In Adjudicating Labor Disputes, Courts Look To State Law To Determine Whether Parties Agreed To Arbitrate A Given Dispute.**

23       Inexplicably, in the face of Defendant's state law defenses, Plaintiff simply
24 ignores the entire body of law governing resolution of this dispute.  That body of law
25 requires denial of Plaintiff's motion.

26       It is well-settled that "federal courts have often looked to the [FAA] for
27 guidance in labor arbitration cases."  *United Paperworkers Int'l Union, AFL-CIO v.*
28 *Misco, Inc.*, 484 U.S. 29, 41 (1987); *accord Unite Here Int'l Union v. Shingle Springs*

*Band of Miwok Indians*, 2016 WL 4041255, at *3 (E.D. Cal. July 27, 2016) ("[T]he Court may look to the FAA for guidance in considering labor arbitration cases, which is not disputed."). Indeed, the Ninth Circuit treats the FAA and LMRA as effectively interchangeable: "We need not decide, however, whether the FAA applies in this case because we have jurisdiction to review the order compelling arbitration whether we apply the FAA, or the LMRA . . . . Even reviewing this case . . . as strictly a § 301 case, we properly could look to the FAA for guidance."

"Under the FAA, the court, not the arbitrator, must decide whether a particular dispute is arbitrable. 9 U.S.C. § 4; *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (holding that the arbitrator is without power to determine arbitrability absent "clear[ ] and unmistakabl[e]" language in the arbitration agreement conferring such power)." *Hartford*, 2018 WL at *3. This is so because "[a]n agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration.' *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995))." *Id*. Thus, "[a]s with any other contract dispute, the Court must first look to the express terms of the contract." *Id*. While there is a presumption of arbitrability in labor disputes, such a presumption "does not confer a right to compel arbitration of any dispute at any time." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 474 (1989). Instead, "this presumption must be balanced with the principle that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Sheet Metal Workers Int'l Ass'n, Local Union No. 150 v. Air Sys. Eng'g, Inc.*, 948 F.2d 1089, 1091–92 (9th Cir. 1990).

The FAA, in turn, provides that "a party may challenge the validity or applicability of the arbitration provision by raising the same defenses available to a party seeking to avoid the enforcement of any contract. These contract-based challenges are governed by applicable state law." *Cox*, 533 F.3d at 1121.

As the Supreme Court has explained,

> In instances such as these, the text of § 2 [of the FAA] provides the touchstone for choosing between state-law principles and the principles of federal common law envisioned by the passage of that statute:  An agreement to arbitrate is valid, irrevocable, and enforceable, as a matter of federal law . . . [,] "save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Thus state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.

*Perry*, 482 U.S. at 492.  Here, Defendant is raising a general contract-based challenge: Plaintiff waived any contractual right to demand arbitration by failing to satisfy the condition precedent that it file a demand for arbitration within 10 days of receiving Defendant's written third-step response.  *See Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) ("A bedrock principle of California contract law is that he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.").  Because "under federal arbitration law, the question of waiver is resolved under state law," *Zamora*, 2013 WL at *5,  this case turns on whether Plaintiff waived its right to arbitrate under California law.

**C. Under California Law, Where A Contract Provides That Arbitration May Be Demanded Within A Stated Time Frame, Failure To Make Demand Within That Time Constitutes Waiver Of Right To Arbitrate.**

Application of California law makes clear that Plaintiff waived its right to arbitrate, such that its Motion should be denied.  The Supreme Court of California has squarely addressed this issue and held that a party cannot be compelled to arbitrate when the other party fails to satisfy a condition precedent to the right to compel arbitration, because in those circumstances, no duty to arbitrate arises:

> When, as here, the parties have agreed that a demand for arbitration must be made within a certain time, that demand is a condition precedent that must be performed before the contractual duty to submit the dispute to arbitration arises . . . . [W]hen a party has failed to fulfill a condition that was within its power to perform, it is not an excuse that the party did not thereby intend to surrender any rights under the agreement. (See 5 Williston, Contracts (3d ed. 1961) § 676, pp. 219–223.)  A contrary conclusion would undermine the law of contracts by vesting in one contracting party the power to unilaterally convert the other contracting party's conditional obligation into an independent, unconditional obligation notwithstanding the terms of the agreement.

*Platt Pac., Inc. v. Andelson*, 862 P.2d 158, 161–62 (Cal. 1993).

Both California and federal courts readily apply this general contract principle. *Coppola v. Smith*, 2018 WL 684801, at *3 (E.D. Cal. Feb. 2, 2018) ("If a condition precedent is not fulfilled or excused, the corresponding duty to perform does not arise, and a breach of contract claim is precluded."); *Wagner Constr. Co. v. Pac. Mech. Corp.*, 157 P.3d 1029, 1034 (Cal. 2007) ("Delay in demanding or seeking to compel arbitration can, indeed, justify denying a motion to compel."); *Serv. Employees Internat. Union, Local 715, AFL-CIO v. Cupertino Union Sch. Dist.*, 31 Cal. Rptr. 3d 858, 864 (Ct. App. 2005) ("Where . . . the parties have agreed that a demand for arbitration must be made within a certain time, that demand is a condition precedent that must be performed before the contractual duty to submit the dispute to arbitration arises."). In addition to this equitable, contract-based principle, "[u]nder Cal. Code Civ. Proc. § 1281.2(a), a court may deny a petition to compel if it determines that "[t]he right to compel arbitration has been waived by the petitioner." *Zamora*, 2013 WL at *5.

Under both *Andelson* and C.C.C.P. § 1281.2(a), Article XVI, Section 1 of the CBA sets forth a condition precedent because it specifies that "a demand for arbitration

must be made within a certain time." *Andelson*, 862 P.2d at 162. It states, "Any dispute or grievance not settled, pursuant to the Grievance Procedure, may be submitted to Arbitration upon request of either party within ten (10) working days after the written decision of the Company. Failure by either party to file within the ten (10) days prescribed herein, the grievance or dispute shall be considered dropped." This more than satisfies *Andelson*'s requirements in that it not only sets forth a certain time limit, which is sufficient to establish a condition precedent, but it also specifies the consequences of failing to file an arbitration demand within said time limit: that a given grievance "shall . . . be dropped."

### D. Cases Plaintiffs Cite Are Distinguishable Because None Involved Clear Conditions Precedent To Avoid Waiver, And All Involved Broader Arbitration Clauses.

The cases on which Plaintiff rely to claim that timeliness issues are for arbitrators to decide are wholly inapplicable here, because in none of them did the party resisting arbitration invoke state law contractual defenses. Nor did they invoke § 2 of the FAA, which "provides the touchstone for choosing between state-law principles and the principles of federal common law." *Perry*, 482 U.S. at 492. As the Supreme Court made clear, state law that "govern[s] issues concerning the validity, revocability, and enforceability of contracts generally" applies in cases such as these. And as stated above, under California contract law, it is the responsibility of the court (and not an arbitrator) to decide whether a contract contains a condition precedent and whether a party has satisfied that condition in seeking to enforce a contract—which is why, in both every California case cited above as well as every federal case interpreting California law, the court decided the issue instead of an arbitrator. *See Andelson*, 862 P.2d at 161-61 (Conditions precedent raise substantive contractual issues for courts to decide because "[p]rivate arbitration is a matter of agreement between the parties," and "[u]nder the law of contracts, parties may expressly agree that a right or duty is conditional upon the occurrence . . . of an act," such that "a

condition precedent is . . . an act . . . that must be performed before the contractual right accrues or the contractual duty arises."). The courts that issued the opinions Plaintiff cites did not have the benefit of the guidance offered in cases that consider motions to compel arbitration under both the LMRA and the FAA. Their analysis of such motions was therefore incomplete, and this limits their applicability to the present dispute.

Additionally, the cases on which Plaintiffs rely for the "presumption of arbitrability," *AT & T Techs., Inc.*, 475 U.S. at 650, involved broadly-worded arbitration clauses that materially differ from the clause at issue here. *See, e.g., id.* (describing as "broad" an arbitration clause that "provides for arbitration of "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder"). Here, Article XVI, Section 1 of the CBA states, "Arbitration **shall be confined** to the settlement of a dispute or grievance arising out of or having to do **solely** with the interpretation or application of the clauses of this Agreement and **no arbitrator shall have authority or power** to add to, or detract, or modify from the specific provisions of this Agreement" (emphasis added). Under the "standard of reasonableness," *Golden State Foods Corp.*, 2014 WL at *5, the most logical conclusion to draw from the parties' decision to include these emphasized words and phrases is that they intended their grant of authority to any arbitrator to be more restrictive than the authority granted to arbitrators under broad arbitration clauses such as that used in *AT & T Techs., Inc.* This narrow extension of authority further distinguishes Plaintiffs' cases from the matter at hand, particularly given the U.S. Supreme Court has observed that the "presumption of arbitrability" is conditioned in part on the breadth of a give arbitration clause. *See AT & T Techs., Inc.*, 475 U.S. at 650 ("Such a presumption is particularly applicable where the clause is . . . broad[.]").

In short, Plaintiff failed to satisfy a condition precedent to its right to demand arbitration. Defendant therefore has no duty to arbitrate, and for this reason Plaintiff's Motion to Compel Arbitration should be denied.

### E. Plaintiff's Declaration Contains Untrue Statements And Should Therefore Be Given No Weight

Faced with the undeniable failure to meet the plain language of the contract, Plaintiff filed a self-serving declaration alongside its Motion in an attempt to create a factual dispute as to the parties' understanding of the words in Article XVI of the CBA. But no such dispute exists because the CBA's arbitration clause contains plain, unambiguous language setting forth a clear condition precedent to either party's right to demand arbitration. Plaintiff's interpretation is irrelevant because there is nothing to interpret: The CBA requires the party seeking arbitration to file an arbitration demand within ten days of the company's issuance of its written third-step response to a given grievance, or else the dispute is dropped. The Union failed to satisfy this condition precedent, so its right to demand arbitration never arose. And there is *no* evidence that it met the 7-day meet-and-confer requirement.

Secondarily, even if Plaintiff's declaration were relevant, its assertions are belied by communications between the parties that evince their common understanding that Article XVI, Section 1 requires parties to file arbitration demands with the FMCS. These demonstrable falsehoods undercut the credibility of the entire declaration.

Union Staff Representative Marly Sandoval-Henderson states in Paragraph 6 of her declaration,

> At no point in my experience representing employees of the Company, based on the past practices of the parties to the CBA, has a request for an arbitration panel to the Federal Mediation & Conciliation Service ("FMCS") been a prerequisite to "file" for arbitration under the CBA . . . . My personal practice as a USW Staff Representative is to wait to request a panel of arbitrators from FMCS until I have completed preparation for the arbitration hearing, because the arbitration must be held within 60 days of selecting an arbitrator under Article XVI of the CBA.

But as stated in the sworn declaration of Vista Metals Plant Manager Rebeca Morales, in a June 7, 2019 email, Sandoval-Henderson sent Morales the Union's position on the Company's written third-step response to a grievance.  Morales replied, "Thank you Marly.  We'll keep an eye out for the arbitration filing notice so that it meets the requirement as stated for Arbitration in Article XVI, Section 1."  Less than a week later, on June 13, 2019, Morales emailed Sandoval-Henderson, "I just received the Arbitration *filing* notice a few minutes ago from the FMCS" (emphasis added).  Sanvodal-Henderson replied, "Yes, I just *submitted* for it" (emphasis added).  Attached to this email correspondence was a letter from FMCS listing a panel of potential arbitrators.

In other words, far from disputing Morales's stated understanding of Article XVI, Section 1's requirements, Sandoval-Henderson *complied with* this understanding by filing an arbitration demand with FMCS not after she "completed preparation for the arbitration hearing," but concurrently with the Union's response to the company regarding an arbitrable grievance.  This demonstrates that the parties mutually understood that the CBA's use of the words 'file' and 'submit' refers to formally contacting the FMCS to initiate arbitration—as their definitions would suggest—and not simply to emailing one another.  Further, the inconsistencies between these contemporaneous communications between the parties (Exhibit A) and a self-serving description of the parties' supposed practices that is convenient to Plaintiffs' position (Sandoval-Henderson's declaration) call into question the credibility of the entire declaration.  The Court should therefore grant little weight to Plaintiff's declaration.

**F.   In The Alternative, There is No Factual Dispute That Plaintiff Failed To Meet-And-Confer To Select Arbitrator, And Such Failure Is An Independent Basis To Deny Motion Under Ninth Circuit Precedent.**

Independent of the foregoing argument, Plaintiff's Motion to Compel Arbitration should also be denied because it is undisputed that Plaintiff never so much as attempted to mutually agree with Defendant on the selection of an arbitrator.

Article XVI, Section 2 of the CBA provides that "[t]he party requesting arbitration shall within seven (7) days attempt to mutually agree upon an arbitrator with the other party." Plaintiffs fail to even mention this provision in their Motion, let alone allege that they attempted to satisfy this requirement.

In the Ninth Circuit, courts are allowed to deny motions to compel arbitration "in those rare instances where no factual dispute exists and resolution of the issue would preclude all need for arbitration." *Retail Delivery Drivers, Driver Salesmen, Produce Workers & Helpers Local 588 v. Servomation Corp.*, 717 F.2d 475, 478 (9th Cir. 1983). This is one of those rare instances. Because there is no evidence whatsoever of an attempt by Plaintiff to satisfy this condition precedent to arbitration, there is plainly no factual dispute as to whether this event occurred (it did not). "Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent" has been held to be grounds for dismissal. *Brosnan v. Dry Cleaning Station Inc.*, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008). Plaintiff was required to "attempt to mutually agree upon an arbitrator" with Defendant; Plaintiff never did. Plaintiff's failure to satisfy this requirement is an additional ground on which to deny Plaintiff's Motion.

## IV. CONCLUSION

Under the United States Supreme Court's and the Ninth Circuit's interpretation of the Federal Arbitration Act, courts analyze whether the parties contracted to arbitrate by looking to state law principles. And the California Supreme Court has made clear that, when an arbitration agreement includes time limits, those limits are conditions precedent that parties must satisfy before any duty to arbitrate arises. Plaintiff's failure to satisfy the CBA's condition precedent to the right to arbitrate by waiting over six months to file for arbitration with the FMCS precludes its ability to compel Defendant to arbitrate. The Court should therefore deny Plaintiff's Motion to Compel Arbitration.