UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO COMPEL ARBITRATION (Dkt. [ 26 ], filed February 10, 2020)

## I.    INTRODUCTION

Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("the Union") filed this action against defendant Vista Metals Corporation ("the Company") on September 17, 2019. Dkt. 1 ("Compl."). The Union alleges that the Company violated the collective bargaining agreement between the Company and its unionized employees when it terminated employee Samuel Reyes ("Reyes") for alleged insubordination. See generally id. The Union asserts a single claim against the Company, seeking to compel arbitration pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

The Union filed a motion to compel arbitration on February 10, 2020. Dkt. 26-1 ("Mot."). The Company filed an opposition on March 9, 2020. Dkt. 27 ("Opp."). The Union filed a reply on March 16, 2020. Dkt. 28 ("Reply").

On March 23, 2020, the Court determined that the Union's motion is suitable for decision without oral argument and took the motion under submission. Dkt. 29. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

## II.  BACKGROUND

### A.  The Collective Bargaining Agreement's Provisions

The Union and the Company are parties to a collective bargaining agreement which covers the Company's production and maintenance employees at its Fontana facility.  Dkt. 26-3, Exh. A ("CBA").  Several of the CBA's provisions are at issue here.

#### 1.  The Company May Discharge or Discipline Employees for "Just Cause" or Violation of House and Safety Rules

The CBA authorizes the Company "to discharge and/or discipline any employee for just cause and/or violation of posted Company house and safety rules."  CBA Art. XVIII, Sect. 1.  In addition, the CBA permits either an employee, the Union, or the Company to raise a "grievance," which the CBA defines as "any dispute of difference of opinion involving the meaning [sic] application or interpretation of a specific provision(s) of this Agreement or a claimed violation of a specific provision(s) of this Agreement."  CBA Art. XV, Sect. 1.

#### 2.  The Grievance Procedure

To facilitate the "necessity for speedy and equitable adjustment of all grievances," the CBA specifies a particular grievance procedure ("the Grievance Procedure").  CBA Art. XV, Sect. 3.  The Grievance Procedure consists of three steps:

STEP 1:  Between the Employee and the Foreman or his designee.  The Grievance Chairperson may be present.  If the dispute cannot be settled in this manner within two (2) working days, it shall be reduced to writing on a form to be furnished by the Union, signed by the employee.  It shall move to Step 2 within two (2) additional working days if desired by the party filing the grievance.

STEP 2:  Between the Grievance Chairperson and the designated representative of the Company.  If not settled within five (5) working days, it shall be reduced to writing on a form provided by the Union and, if desired, processed to Step 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

STEP 3: Between the Union Representative and the Grievance Chairperson of the Union and a designated higher representative of the Company. If not settled within ten (10) working days, either party may elect to invoke arbitration as hereinafter provided.

CBA Art. XV, Sect. 3.

The Grievance Procedure enumerates specific timing requirements. CBA Art. XV, Sect. 4. For example, "[n]o matter shall be considered as a grievance unless it is presented to the Company within ten (10) working days after the occurrence of the events on which the grievance is based." Id. Similarly, "[i]f a grievance is not processed within the time limits prescribed, it shall be considered as waived." Id. And, "[a]ny time limits provided in the Grievance and Arbitration Procedure may be extended by mutual consent." Id.

### 3. The Arbitration Procedure

In the event that the Union, an employee, and the Company are unable to resolve a grievance pursuant to the Grievance Procedure, the grievance "may be submitted to Arbitration upon request of either party within ten (10) working days after the written decision of the Company." CBA Art. XVI, Sect. 1. "Failure by either party to file within the ten (10) days" will cause "the grievance or dispute" to "be considered dropped." Id. Moreover, "arbitration shall be confined to the settlement of a dispute or grievance arising out of or having to do solely with the interpretation or application of the clauses of this Agreement and no arbitration shall have the authority or power to add to, or detract, or modify from the specific provisions of" the CBA." Id. The CBA further provides that "[t]he decision of the arbitrator will be final and binding on both parties."

The CBA provides for a specific Arbitration Procedure. "The party requesting arbitration shall within seven (7) days attempt to mutually agree upon an arbitrator with the other party." CBA Art. XVI, Sect. 2. "Failure to select an arbitrator within three (3) additional days, the party requesting arbitration shall request of the Federal Mediation and Conciliation Service a panel of seven (7) arbitrators." Id. The Arbitration Procedure requires that the parties, "as soon as mutually convenient, alternately cross off six (6) members of the panel and she remaining or seventh arbitrator shall be selected." Id. Once the arbitrator is selected, the "arbitration shall be held within sixty (60) days" and "[t]he award of the arbitrator shall be submitted by him no later than thirty (30) days following

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

the close of the arbitration." Id. The CBA allows for both the Union and the Company to call witnesses during an arbitration hearing. CBA Art. XVI, Sect. 4.

The Arbitration Procedure specifies that "[a]ll of the time limits set forth under this Article may be extended only by mutual consent." CBA Art. XVI, Sect. 3.

### B.   The Grievance and The Union's Efforts to Arbitrate

On December 20, 2017, the Company terminated Reyes, a bargaining-unit employee, based on Reyes' alleged insubordination. Dkt. 26-2 ("Sandoval-Henderson Decl.") ¶ 3. On December 26, 2017, the Union "filed" the grievance regarding Reyes' termination in writing ("the Grievance"), purporting to proceed in accordance with Step 3 of the Grievance Procedure. Id. ¶ 4. The Grievance was assigned Grievance Number ST001. See Dkt. 26-3, Exh. B ("Grievance Report").

Because the parties could not come to a resolution, the parties held a "third-step meeting" on January 9, 2018. Sandoval-Henderson Decl. ¶ 5. Sandi Martinez, the Company's Senior Human Resources Manager, emailed the Union the Company's written response on January 12, 2018. Id. Martinez indicated to the Union that "[w]e will await your reply." Dkt. 26-3 Exh. C. In the Company's written response, the Company proposed that it would "agree[] to reduce termination to written warning" and "agree[] to reinstate Mr. Reyes in the position of Furnace Operator" but maintained that there would be "[n]o retro pay." Id.

On January 17, 2018, the Union responded to the Company in writing, indicating that the Union "does not concur with the settlement offer from the company and moves this grievance to the next step in the grievance process, arbitration." Dkt. 26-3, Exh. D. The Union's representative, Marlissa Sandoval-Henderson, notified the Company that "[s]hould you have any questions or wish to have further discussion on any of the [Union's] responses above, please feel free to contact me." Id.

The Union subsequently requested a panel of arbitrators from the Federal Mediation and Conciliation Service ("FMCS") in July 2018. Henderson-Sandoval Decl. ¶ 9. FMCS sent a panel of labor arbitrations to the Union and the Company on July 16, 2018. Id.

On March 21, 2019, Ron Dunn, the Company's Director of Human Resources, emailed the Union. Dkt. 26-3, Exh. F. Dunn noted that "[u]nder Article XV, Section 3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 5:19-cv-01781-CAS(SHKx) | | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | | |

Step 3, 'If not settled within 10 working days, either party may elect to invoke arbitration as hereinafter provided.'  The Union invoked arbitration for Samuel Reyes on 1/17/18 which was timely."  Dkt. 26-3, Exh. F.  However, "the filing for arbitration was over six months after the Union invoked to take the matter to arbitration" and the Company "ha[s] no written correspondence regarding a request to extend the time limits for either situation."  Id.  Dunn indicated that "[w]e are more than willing to review any information you may have demonstrating the arbitration procedure filing time limits were met."  Id.

The Union responded to Dunn's March 21, 2019 email on July 29, 2019.  Dkt. 26-3, Exh. G.  The Union explained that "[w]hile the Company may raise a timeliness issue in defense to the Grievance, it may not refuse to process the Grievance on the basis of this defense."  Id.  The Union maintained that "[t]he Company should direct procedural questions, including the alleged timeliness issues, to the arbitrator."  Id.  The Union thereafter "request[ed] that the Company resume processing the Grievance immediately, including cooperating . . . to schedule this grievance for arbitration" and "provid[ing] the Union with dates to strike names for this arbitration."  Id.

Dunn replied to the Union on behalf of the company on August 26, 2019.  Dkt. 26-3, Exh. H.  Dunn explained that "[a]fter reviewing your request with legal counsel, the company maintains its position [that] the filing for arbitration in regards to Samuel Reyes was not filed within the ten (10) days as stated in Article XVI" and that the Grievance "shall be considered dropped."  Id.

In response to Dunn's August 36, 2019 email, the Union sent a letter in reply on September 3, 2019.  Dkt. 26-3, Exh. I.  The Union urged that "the Company may raise the alleged timeliness issue as a defense in the arbitration proceeding, but cannot refuse to process a grievance based on this defense.  Therefore, the Union reiterates its demand to strike arbitrators for the Samuel Reyes grievance."  Id.  The Union requested that the Company "[p]lease clarify whether the Company is willing to strike arbitrators and proceed with arbitration, at which point the Company will have the opportunity to raise its timeliness defense, or is refusing to arbitrate this grievance."  Id.  The Union advised that "[i]f the Company is refusing to arbitrate, the Union will be forced to take all necessary legal action."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

On September 5, 2019, Dunn wrote back, indicating that the Company "will not strike for arbitrators in connection with a grievance that, per Labor Agreement, has been dropped and is no longer subject to arbitration." Dkt. 26-3, Exh. J. The Union thereafter filed this action on September 17, 2019. See Compl.

### III.  LEGAL STANDARD

Section 301 of the LMRA confers jurisdiction on the federal courts to enforce collective bargaining agreements and other agreements between employers and employee representatives. See 29 U.S.C. § 185. This jurisdiction includes the enforcement of agreements requiring resolution of disputes through arbitration. Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 455 (1957). "The federal policy favoring arbitration of labor disputes is firmly grounded in congressional command." Gateway Coal Co. v. United Mine Workers of Am., 414 U.S. 368, 377 (1974). To effectuate this strong policy, the United States Supreme Court "has set forth three foundational principles regarding arbitration clauses." Unite Here Local 30 v. Omni Hotels Mgmt. Corp., No. 19-cv-830-MMA-LL, 2019 WL 6118461, at *4 (S.D. Cal. Nov. 18, 2019).

First, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960). "This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648–49 (1986).

Second, generally speaking, "the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." AT & Techs., 475 U.S. at 649. Typically, then, "unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council, 940 F.2d 513, 516 (9th Cir. 1991) (internal citation and alteration omitted). But a "court's jurisdiction over these questions of 'arbitrability' is not absolute; because arbitration is a matter of contract, the parties may validly agree that an arbitrator should decide questions regarding the arbitrator's own jurisdiction." Int'l Bhd. of Teamsters, Local 396 v. NASA Servs., Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

No. 2:18-cv-03681-SVW-E, 2019 WL 994012, at *6 (C.D. Cal. Jan. 16, 2019) (internal citation omitted). As such, the question of arbitrability is for the arbitrator where the arbitration clause is "broad." United Bhd. of Carpenters & Joiners of Am., Local No. 1780 v. Desert Palace, Inc., 94 F.3d 1308, 1310 (9th Cir. 1996). "A typical broad arbitration clause applies to any disputes or grievances arising out of the collective bargaining agreement or involving its meaning or interpretation." Bhd. of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distrib. Co., 832 F.2d 507, 510 n.2 (9th Cir. 1987).

Third, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." AT & Techs., 475 U.S. at 649. "In making its ruling, a court is confined to determining (1) whether a collective bargaining agreement is in existence and (2) whether the agreement requires arbitration of the dispute at issue." Unite Here Local 30, 2019 WL 6118461, at *5. "Thus 'procedural' questions which grow out of the dispute and bear on its final disposition" are presumptively *not* for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (emphasis in original). "[T]he presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." Id. (internal citation and alteration omitted); see also John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964) (determining that arbitrator should decide whether the first two steps of a grievance procedure were completed, where steps were alleged to be prerequisites to arbitration). "However, the Ninth Circuit has also noted in dicta that "[t]here is some support for the proposition that a court may consider a strictly procedural question as to the timeliness of a demand for arbitration in those rare instances where no factual dispute exists and resolution of the issue would preclude all need for arbitration." Unite Here Local 30, 2019 WL 6118461, at * 5 (citing Retail Delivery Drivers, Driver Salesmen, Produce Workers & Helpers Local 588 v. Servomation Corp., 717 F.2d 475, 478 (9th Cir. 1983)).

"In addition to these foundational principles, courts are guided by a strong presumption in favor arbitration." Unite Here Local 30, 2019 WL 6118461, at * 5. "The party contesting arbitrability bears the burden of demonstrating how the language in the collective bargaining agreement excludes a particular dispute from arbitration." Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd. of Teamsters, 989 F.2d 1077, 1080 (9th Cir. 1993). As such, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT & Techs., 475 U.S. at 660 (internal citation and alteration omitted).

## IV.  DISCUSSION

The Company does not dispute that the CBA, which includes an arbitration provision, exists and binds the parties. Nor does the Company dispute that its termination of a unionized employee is a matter subject to the CBA's arbitration provision. Instead, the Company argues that the CBA "requires [the Union] to satisfy two conditions precedent before seeking arbitration." Opp. at 1 (emphasis in original). First, the Company contends that the Union "waived any contractual right to demand arbitration by failing to . . . file a demand for arbitration within 10 days of receiving [the Company's] written third-step response." Id. at 7. Second, the Company asserts that the Union "was required to 'attempt to mutually agree upon an arbitrator' with [the Company]" but that the Union "never did." Id. at 13. According to the Company, then, "the duty to arbitrate never arose, and applying [the Company's] state law defenses, the Court should deny [the Union's] Motion." Id. The Court does not find the Company's arguments availing.

### A.  Timeliness of Filing Demand

The Company first argues that "the plain language of Article XVI, Section 1 makes clear that there is a mandatory 10-day deadline for filing any arbitration[.]" Opp. at 2. According to the Company, it "sent the Union a written response to the grievance giving rise to this matter" and "the Union then had until January 22, 2018 to file an arbitration demand with" FMCS. Id. The Union, however, "waited until July 16, 2018 . . . to file anything with the FMCS." Id.

The Court finds instructive Retail Delivery Drivers, 717 F.2d at 475. In that case, the district court determined that a labor grievance was not subject to arbitration because the labor union failed to comply with the contractual time limitation specified in the collective bargaining agreement for demanding arbitration. Id. at 476. The agreement required that "[n]otice by either party to the other of his desire to place the matter before an impartial arbitrator shall be submitting within seventy-two (72) hours of notification by the Committee of its inability to decide the matter." Id. at 476 n.1. The agreement further provided that "[i]n the event neither party notifies the other of the desire for arbitration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

*within the seventy-two hours (72) hours specified herein, then, and in that case, the matter will have been deemed to have been settled in favor of the party against whom the grievance, dispute or controversy has been brought."* Retail Delivery Drivers, 717 F.2d at 476 n.1 (emphasis in original).

On appeal, the employer "urge[d] that in this case the parties did not contract to proceed to arbitration unless the Agreement's contractual time limitations were satisfied." Retail Delivery Drivers, 717 F.2d at 478. The Ninth Circuit determined, however, "that when time limitations and other procedural requirements are made an express part of the arbitration agreement, they become part of the bundle of issues the parties consented to have decided by an arbitrator's special interpretative ability." Id. The Ninth Circuit acknowledged that "[t]here is some support for the proposition that a Court may consider a strictly procedural question as to the timeliness of a demand for arbitration in those rare instances where no factual dispute exists and resolution of the issue would preclude all need for arbitration." Id. The Ninth Circuit noted, however, that "we are not confronted with such an instance here." Id. That is because the union in that case proffered "a reason for finding it had complied with the timeliness requirements" because the employer "waived any right to assert a time-bar to its arbitration demand by engaging in further discussions[.]" Id. "Additionally it may be asserted . . . that the 72 hour time limit does not begin to run until a party receives formal notice of the Committee's deadlock." Id. The Ninth Circuit concluded that "[a]n arbitrator would be able to address these factual issues— which involve examining the usual practices of the parties—more readily than the courts." Id.

Here, the CBA's arbitration provision is broad, providing that "arbitration shall be confined to the settlement of a dispute or grievance arising out of or having to do solely with *the interpretation or application of the clauses of this Agreement*[.]" CBA Art. XVI, Sect. 1 (emphasis added); cf. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO- CLC v. Exxon Mobil Corp., No. 14-cv-35-BLG-CSO, 2014 WL 7148721, at *6 (D. Mont. Dec. 15, 2014) (finding that arbitration clause in collective bargaining agreement was "broad," requiring arbitration of labor dispute where collective bargaining agreement required that "any question as to the interpretation of the terms of this Agreement shall be submitted to an arbitrator.") (internal alteration omitted). Moreover, the Union similarly proffers an explanation for why, notwithstanding the CBA's terms, it timely filed for arbitration. A representative of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

Union, Marlissa Sandoval-Henderson, attests that "[i]n my experience as a union representative and with respect to the parties here, the phrase to 'file a grievance' is used interchangeably with the phrase 'to grieve.'" Sandoval-Henderson Decl. ¶ 4. According to Sandoval-Henderson, then, "a demand for arbitration is considered to be 'filed' under the CBA once a demand is transmitted to the other party." Id. ¶ 7 (internal alteration omitted). Sandoval-Henderson further attests that "[a]t no point . . . has a request for an arbitration *panel* to the Federal Mediation & Conciliation Service . . . been a prerequisite to 'file' for arbitration under the CBA." Id. Contrary to the Company's assertion, it is preferable "to wait to request a panel of arbitrators from FMCS until [the Union] ha[s] completed preparation for the arbitration hearing, because the arbitration must be held within 60 days of selecting an arbitrator under Article XVI of the CBA." Id. The Union further asserts that its demand for arbitration was sufficient because the Company "failed to respond to the email dated January 17, 2018, and, from the perspective of the Union, the Company therefore waived the right to raise any defense to the Grievance based on timeliness." Id. ¶ 8; cf. Retail Deliver Drivers, 717 F.2d at 479 (compelling arbitration of labor dispute where union's "petition claimed a reason for finding it had complied with the timeliness requirements of the Agreement" because union "alleged that [employer] waived any right to assert a time-bar to its arbitration demand by engaging in further discussions").

The Company critiques the Union's proffered explanations as "self-serving" and "irrelevant." Opp. at 11. The Company points to a declaration from Rebeca Morales, the Company's own employee, dkt. 27-2, as evidence of the parties' "common understanding that Article XVI, Section 1 requires parties to file arbitration demands with the FMCS." Opp. at 11.

With respect to the parties' dispute regarding whether the CBA's language mandating a party "to file" for arbitration requires that the party formally request an FMCS arbitration panel, the Court concludes that "[a]n arbitrator would be able to address these factual issues—which involve examining the usual practices of the parties—more readily than the courts." Retail Deliver Drivers, 717 F.2d at 479. Accordingly, "[t]he issue whether the Union timely filed the alleged violations of the agreement is an issue left to the arbitrator, not this court." Serv. Employees Int'l Union v. St. Vincent Med. Ctr., 344 F.3d 977, 986 (9th Cir. 2003); see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. BP Expl. (Alaska), Inc., No. 3:18-cv-00062-TMB, 2019 WL 1422727, at *9 (D. Alaska Feb. 22, 2019)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

("BPXA's argument that Grievance 17-09 was filed untimely by the Union is also an arbitrable issue. The Court therefore rejects BPXA's argument that Grievance 17-09 is untimely, as this issue involves the merits of the grievance, and should be resolved in arbitration, and not by this Court."); Oil Chem. & Atomic Workers Int'l Union, AFL-CIO v. Union Oil Co. of California, 457 F. Supp. 179, 182 (C.D. Cal. 1978) ("The subject matter of this dispute[,] the discharge of two union member, company employees is clearly arbitrable. The company's only argument for refusing to proceed to the next step of arbitration is that the union did not timely notify the company as required by the collective bargaining agreement. Regardless of the characterization which the company gives its argument, a claim of lack of compliance with the arbitration procedure is an issue for the arbitrator and not the court.").

The Court therefore concludes that the Union's alleged failure to request a panel of arbitrators from FMCS until July 2018 does not preclude the Court from compelling arbitration of the Grievance.[1]

### B.     Failure to Meet and Confer to Select Arbitrator

The Company also argues that "the CBA provides that 'the party requesting arbitration shall within seven (7) days attempt to mutually agree upon an arbitrator with the other party.'" Opp. at 13. According to the Company, the Union's motion to compel arbitration should be denied "[b]ecause there is no evidence whatsoever of an attempt by [the Union] to satisfy this condition precedent to arbitration[.]" Opp. at 13.

---

[1]   The Company points to the California Supreme Court's opinion in Platt Pac., Inc. v. Andelson, 6 Cal. 4th 307 (1993), as well as to Cal. Civ. Proc. Code § 1281.2, as support for the proposition that, pursuant to California law, "a party cannot be compelled to arbitrate when the other party fails to satisfy a condition precedent to the right to compel arbitration, because in those circumstances, no duty to arbitrate arises[.]" Opp. at 7–9. The Court need not rely on Platt and the availability of a "condition precedent" defense based on California law because caselaw from United States Supreme Court and the Ninth Circuit is clear that a union's alleged untimeliness does not bar a court from compelling arbitration of a labor dispute pursuant to the LMRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01781-CAS(SHKx) | Date | April 1, 2020 |
| Title | UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC v. VISTA METALS CORPORATION | | |

"Compliance with the grievance procedures bears not at all upon the question of whether the grievance is of a substantive nature embraced by the agreement to arbitrate." Ass'n of Indus. Scientists v. Shell Dev. Co., 348 F.2d 385, 389 (9th Cir. 1965). Accordingly, "whether preliminary steps in the grievance procedure have been followed is a question for the arbitrator[.]" Local Union No. 370 of Int'l Union of Operating Engineers v. Morrison-Knudsen Co., 786 F.2d 1356, 1358 (9th Cir. 1986) (citing Wiley, 376 U.S. at 557); .Hosp. & Institutional Workers Union Local 250, SEIU, AFL-CIO v. Marshal Hale Mem'l Hosp., 647 F.2d 38, 41 (9th Cir. 1981) (rejecting hospital's argument "that arbitration is foreclosed by the terms of the contract" where collective bargaining agreement provided that "[n]o grievance shall be submitted to arbitration unless the demand for arbitration is presented by a party in writing to the other party within thirty (30) calendar days of the other party's final written response" and "[t]he record reveals no conference between [union] and [hospital]" because "questions of procedural arbitrability generally should be resolved by the arbitrator."); Local Union No. 490, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO v. Kirkhill Rubber Co., 367 F.2d 956, 958 (9th Cir. 1966) ("The employer urged to the District Court that the union had not followed the proper procedures in filing the grievance and thus was not entitled to arbitration. The court below did not base its decision on that ground, and its refusal to do so was proper. The law is clear that procedural questions which attend a dispute and which bear on its final disposition should be first determined by the arbitrator.").

The issue of whether the Union failed to meet and confer with the Company regarding potential arbitrators therefore does not preclude the Court from compelling arbitration of the Grievance.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Union's motion to compel arbitration.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |